# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CAPSA SOLUTIONS, LLC., d.b.a.
CAPSA HEALTHCARE,

        Plaintiff,

   v.

CONCORD HEALTHCARE GROUP, LLC.,
d.b.a. CONCORD HEALTHCARE GROUP,

        Defendant.

Civil Action 2:18-cv-594

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This is an action to recover money on an account stated under Ohio common law, prejudgment interest under Ohio Revised Code § 1343.03(A), and postjudgment interest under 28 U.S.C. § 1961(a). Plaintiff, Capsa Solutions, LLC., d.b.a. Capsa Healthcare, asserts that Defendant, Concord Healthcare Group, LLC., d.b.a. Concord Healthcare Group, owes a sum of $164,875.19 exclusive of interest, representing Defendant's failure to pay for goods sold and delivered by Plaintiff. This matter is before the Court upon Plaintiff's Motion for Default Judgment. (ECF No. 31.) The motion is fully briefed and ripe for disposition. For the following reasons, Plaintiff's Motion for Default Judgment is **GRANTED**, and Defendant is **ORDERED** to pay $164,875.19, plus prejudgment and postjudgment interest according to the applicable statutory rates.

# I. BACKGROUND

Plaintiff is a foreign limited liability company with its principal place of business in Canal Winchester, Ohio. (Compl. ¶ 1, ECF No. 1.) Defendant is a New Jersey limited liability company based in Lakewood, New Jersey. (*Id.* ¶ 2.) From May to July 2016, Plaintiff sold and delivered healthcare products to Defendant. (*Id.* ¶ 5.) The statement of account for these sales amounts to $164,875.19, with the parties' last transaction occurring on July 13, 2016. (ECF No. 1-1.) After Defendant's failure to pay the balance owed for nearly two years, Plaintiff commenced this action on June 15, 2018. (Compl. ¶ 8, ECF No. 1.) The Complaint sets forth Plaintiff's claims for recovery of the amount past due on the account and all related costs and interest. (*Id.* ¶ 12.) Defendant retained Monica L. Narvaez as counsel and filed an Answer on September 13, 2018. (ECF No. 11.) Approximately seven months later, Narvaez filed a motion to withdraw as counsel for Defendant. (ECF No. 25.) When granting the motion to withdraw, this Court ordered Defendant to retain a trial attorney within thirty days, pursuant to Southern District of Ohio Civil Rule 83.4. (ECF No. 26.) On May 17, 2019, Plaintiff moved for Summary Judgment. (ECF No. 27.) Defendant did not respond to this Motion and failed to comply with this Court's ensuing Order to Show Cause. (Mot. for Default J. ¶ 6, ECF No. 31.) As a result, this Court directed the Clerk to enter Default Judgment against Defendant and ordered Plaintiff to move for Default Judgment within thirty days of the entry. (*Id.* ¶ 7.) On July 23, 2019, Plaintiff filed the present Motion for Default Judgment. (*Id.*)

# II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by

computation, plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at * 2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). In considering a motion for default judgment, all "factual allegations of the complaint, except those related to the amount of damages, will be taken as true." *Harris v. Cooley,* No. 1:17-CV-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). If the defaulting party is found liable for the cause of action, that "does not resolve issues relating to damages." *Antione v. Atlas Tucker, Inc.* 66 F.3d 105, 111 (6th Cir. 1995). Under Federal Rule of Civil Procedure 55, if the amount of damages is unclear "the court may conduct hearings or make referrals" in order to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

### III. DISCUSSION

**A.  Account Stated Under Ohio Law Claim**

Plaintiff first asserts that Defendant violated Ohio common law by failing to pay the sum of an account stated. In Ohio, a *prima facie* case to recover money on an account stated requires the following elements: (1) a showing that an account in the name of the charged party exists; (2) a starting balance of zero or another provable sum; (3) items listed with accompanying dates and charges; and (4) summarization of the running balance verifying the amount claimed to be owed. *Citibank, NA v. Abrahamson*, 5th Dist. Tuscarawas No. 2016 AP 110055, 2017-Ohio-5566, ¶ 21 (citing *Carasalina, L.L.C. v. Smith Philips & Assocs.*, 10th Dist. Franklin No. 13AP-1027, 2014-Ohio-2423, ¶ 20; *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6).

Here, Plaintiff sufficiently alleges that Defendant owes $164,875.19 on an account stated. (Compl. ¶ 7, ECF No. 1.) Plaintiff's Exhibit A ("Statement of Account") satisfies the evidentiary burden to establish a *prima facie* case for recovery of an account stated. (*See* ECF No. 1-1.) The Statement of Account denotes Defendant's name and business address. (*Id.*) The statement begins with a sum of $446.37 on July 13, 2016, representing the first transaction in the disputed account. (*Id.*) Each item in the statement is accompanied by an invoice date, invoice number, charge, and payment made towards the balance owed. (*Id.*) The statement ends by summarizing the running balance as $164,875.19 and correctly reflects the total charges to Defendant. (*Id.*) Defendant has not paid the outstanding balance and offers no contrary evidence. (Compl. ¶ 8, ECF No. 1; Mot. for Default J. ¶ 6, ECF No. 31.) Accepting Plaintiff's allegations of liability as true, each element under Ohio law to recover money on an account stated is met. Further, Plaintiff's account documentation is sufficient evidence to prove the amount of damages. Accordingly, Default Judgment is **GRANTED** for Plaintiff's first claim of relief and Defendant is **ORDERED** to pay Plaintiff $164,875.19.

**B.**     **Prejudgment Interest Claim**

Next, Plaintiff requests prejudgment interest, at an annual rate of 5.0%, running from July 13, 2016, until the date of the entry of judgment. (Mot. for Default J. ¶ 10, ECF No. 31.) The purpose of prejudgment interest is to make the injured party whole by accounting for the delay in compensation. *Osborn v. Griffin*, 865 F.3d 417, 458 (6th Cir. 2017) (citing *Funkhouser v. J.B. Preston Co.*, 290 U.S. 163, 168 (1933)). Unlike postjudgment interest, which is administered according to 28 U.S.C. § 1961(a), there is no comparable federal statute governing prejudgment interest. *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 194 (1995). Instead, state law determines prejudgment interest. *Estate of Riddle ex. rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (citations omitted). In Ohio,

prejudgment interest is governed by Ohio Revised Code § 1343.03, which provides, in pertinent part, that "when money becomes due and payable upon . . . any book account . . . the creditor is entitled to interest at a rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest . . . ." Ohio Rev. Code § 1343.03(A). Section 5703.47 requires that the federal short-term rate, rounded to the nearest whole number, plus three percent, is used to determine prejudgment interest that accrues during the relevant calendar year. Ohio Rev. Code § 5703.47. The applicable interest rate for 2016, when Plaintiff's claim accrued, is 3.0%. *Annual Certified Interest Rates*, Ohio Dep't. of Taxation, https://www.tax.ohio.gov/ohio_individual/individual/interest_rates.aspx. Consequently, Defendant is **ORDERED** to pay Plaintiff prejudgment interest at the applicable statutory rate of 3.0% per annum on the $164,875.19 award from July 13, 2016, until the date of this Order.

**C.     Postjudgment Interest Claim**

Lastly, Plaintiff contends it is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961(a). The purpose of postjudgment interest is to compensate the prevailing plaintiff for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990). 28 U.S.C. § 1961(a) requires postjudgment interest to be paid on money awarded by districts courts in civil actions. *Broad Street Energy Co. v. Endeavor Ohio LLC*, No. 2:12-CV-711, 2014 WL 12657033 (S.D. Ohio Nov. 14, 2014) at *4 (citing *O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001)). The district court has no discretion to deny postjudgment interest, as it is mandatory. *Caffey v. Unum Life Ins. Co.*, 302 F .3d 576, 586 (6th Cir. 2002). 28 U.S.C. § 1961(a) further dictates that, "[s]uch interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury

yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

Accordingly, Defendant is **ORDERED** to pay postjudgment interest at the applicable statutory rate from the date of this Order until the judgment is satisified.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. Defendant is **ORDERED** to pay Plaintiff $164,875.19 along with prejudgment and postjudgment interest at the applicable statutory rates as set forth above. The Clerk shall enter judgment in favor of Plaintiff and against Defendant accordingly. The Clerk shall remove ECF No. 31 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE